UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

M & S SIGNS, LLC,

        Plaintiff,                        Case No. 13-14328

v                                        Honorable Thomas L. Ludington

CHARTER TOWNSHIP OF AU SABLE,

        Defendant.

_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND CANCELLING HEARING**

Plaintiff M & S Signs is a business that buys and leases land upon which to erect billboards. On September 10, 2013, M & S Signs filed suit against Defendant Charter Township of Au Sable in the 23rd Judicial Circuit of Michigan. M & S Signs asserted that Au Sable violated its equal protection, procedural due process and free speech rights. Au Sable removed this action to federal court on October 11, 2013.

Three days later, on October 14, 2013, Au Sable filed a motion for partial dismissal of M & S Signs's complaint for failure to state a claim for which relief may be granted. This Court concluded that M & S Signs had not stated a claim for either a procedural due process violation or a first amendment claim, and therefore the Court dismissed those claims. Thus, the only remaining claim in the instant litigation is M & S Signs's assertion that Au Sable violated its equal protection rights pursuant to the Fourteenth Amendment.

On May 2, 2014, Au Sable filed a motion requesting summary judgment on M & S Signs's remaining equal protection claim. Because there is no genuine issue of material fact, Au Sable is entitled to summary judgment.

**I**

M & S Signs is a business that erects billboards to be used for the dissemination of both commercial and noncommercial speech. Compl. ¶ 5. Between April 2011 and August 2012, M & S Signs submitted three applications for a permit to erect a billboard in Oscoda, Michigan. The first application, submitted on April 30, 2011, was neither formally granted nor denied. The second application, submitted on June 6, 2011, was denied on June 16, 2011. The third application was denied on August 28, 2012. M & S Signs claims that it completed the permit applications in accordance with Au Sable's Sign Ordinance. *Id.*

**A**

The Sign Ordinance creates a comprehensive scheme for regulating billboards and other signs. *Id*. ¶ 6. The Sign Ordinance contains several regulations related to size, location, design features, setbacks, construction, and content. *Id*., Ex. A at 3-4. Pursuant to the Sign Ordinance, billboards are only authorized in the industrial district. Id. at § 22.08 ("Billboards may be erected only in I-1 Industrial District").

The Sign Ordinance also requires a person to seek prior approval from the Zoning Administrator before posting signs. *Id.* ¶ 11. The Sign Ordinance directs the Zoning Administrator to issue a permit if the application conforms to the requirements set forth in the Sign Ordinance:

> It shall be the duty of the Zoning Administrator, upon the filing of an application for an erection permit, to examine the plans and specifications and other data and the premises upon which it is proposed to erect the sign or other advertising structure, and if it shall appear that the proposed structure is in compliance with all requirements of the Township, he shall then issue the erection permit.

*Id.* Ex. A at § 22.10 All of M & S Signs's applications were denied pursuant to the terms of the Au Sable Sign Ordinance, which limits the placement of billboards to areas zoned for industrial use.

Under the Sign Ordinance, the defining aspect of a "billboard" is its off-premises nature: "A large sign which direct attention to a product or business not exclusively related to the premises where such sign is located." Sign Ordinance at 22.02(C). Indeed, the Sign Ordinance reiterates that a "billboard" is:

> A sign structure advertising a service, commodity or establishment, which is not sold, produced, manufactured, or furnished at the property on which the sign is located, also known as "off-premise sign" or "outdoor advertising structure."

Sign Ordinance 2.02.

**B**

The foundation of M & S Signs's equal protection claim is that Au Sable denied its application to erect a billboard in a commercial zone, but granted a permit for a different billboard to be erected in that commercial zone. Compl. ¶ 11. M & S Signs did not, however, identify which billboard was permitted to be erected in a commercial zone in violation of the Sign Ordinance.

In its Rule 26 disclosures, M & S Signs listed only three groups of witnesses it intended to place on its Witness and Exhibit lists. M & S Signs listed: (1) representatives of M & S Signs, (2) Rick Ferguson, a state permit officer, (3) the owner and operators of the AmericInn, a hotel chain with a location in the district at issue. Accordingly, through the process of elimination, it appears that M & S Signs is claiming that AmericInn was permitted to erect a billboard that violated the Sign Ordinance.

## II

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

Despite Eastern District of Michigan Local Rule 7.1's requirement that a "response to a dispositive motion must be filed within 21 days after service of the motion," M & S Signs has not yet responded to the motion for summary judgment. Notwithstanding M & S Signs's failure to respond, Au Sable nonetheless "bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of "the pleadings" . . . which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

## III

M & S Signs claims that Au Sable permitted AmericInn to erect a billboard in a commercially zoned area despite the prohibition of such signs in the zoning ordinance. However, M & S Signs's assertion contains a factual error that defeats its equal protection claim: AmericInn has a pole sign, not a billboard. And because pole signs are permitted under the Sign Ordinance, M & S Signs cannot show that its equal protection rights were violated when Au

Sable permitted AmericInn to erect a pole sign but prohibited M & S Signs from erecting a billboard.

The key difference between a billboard and a pole sign is its location: "pole signs are intended to alert potential customers of the presence of a business on the business' premises, while billboards serve as off-premises advertisements for a business." Mot. Summ. J. 6. Moreover, the Sign Ordinance provides strict dimensional requirements for pole signs, but not for billboards:

> B. Pole Sign:
> 1. One (1) pole sign having a sign area of not more than eighty (80) square feet per sign face shall be allowed. The height of such pole sign shall be governed by the maximum building height allowed in the district and shall have its lowest point of the sign face not less than eight (8) feet from the ground.

Sign Ordinance at 22.07.

AmericInn's purported "billboard" is, in fact, a pole sign—which are expressly permitted by the Sign Ordinance. Au Sable's Zoning Administrator Mark Ritter explains why AmericInn's sign qualifies as a pole sign:

> The Sign is not a billboard because it does not direct attention to a product or business not exclusively related to the premises where such sign is located. Rather, the Sign is a pole sign, which is permitted in the C3 District—where the AmericInn is located—as it is a display sign supported by one or more columns, uprights or braces in the ground surface and having a height in excess of eight feet. It advertises the AmericInn, which is located at that site.

Ex. C ¶7. Thus, the undisputed evidence indicates that AmericInn uses a pole sign—not a billboard.

There is no genuine issue of material fact regarding whether AmericInn utilizes a pole sign to advertise its business. And M & S Signs has not provided any other example of an billboard that was allegedly erected in violation of the Zoning Ordinance. Accordingly, Au Sable is entitled to summary judgment on M & S Signs's equal protection claim.

## IV

Accordingly, it is **ORDERED** that Defendant Au Sable's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

It if further **ORDERED** that the August 13, 2014 hearing on Defendant's motion is **CANCELLED** pursuant to Eastern District of Michigan Local Rule 7.1(f).

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: June 6, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2014.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS